**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**EVAN B. BRODERICK**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MANDY LITTLE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A04-1110-CR-592 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable David A. Happe, Judge
Cause No. 48D04-1103-FD-481

**July 5, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Judge**

Mandy Little appeals her sentence following a plea of guilty to class D felony operating a vehicle while intoxicated.[1]

We affirm.

ISSUE

Whether Little's sentence is inappropriate pursuant to Indiana Appellate Rule 7(B).

FACTS

On March 19, 2011, an Anderson police officer received a dispatch regarding a possibly intoxicated driver. The officer subsequently observed Little fail to stop at a stop sign and therefore initiated a traffic stop of Little. The officer noted that Little had a pill bottle of Xanax in her lap. Little failed multiple field sobriety tests, and a chemical test later revealed that she had a blood-alcohol content of .09 percent.

On March 21, 2011, the State charged Little with Count 1, operating a vehicle with a blood-alcohol content greater than .08 percent but less than .15 percent, a class C misdemeanor; and Count 2, operating a vehicle while intoxicated as a class D felony. On May 20, 2011, the State filed an amended information, alleging Little to be an habitual substance offender. On June 22, 2011, however, the State filed a motion to dismiss the habitual substance offender allegation, which the trial court granted.

Subsequently, the State and Little entered into a plea agreement, whereby Little agreed to plead guilty to Count 2, and the State agreed to dismiss Count 1. As to

---

[1] Ind. Code § 9-30-5-3.

sentencing, the parties agree to a total sentence of twenty-four months, with no more than eighteen months to be executed and the trial court to determine Little's placement.

The trial court held a guilty plea hearing on August 29, 2011, after which the trial court ordered a presentence investigation report ("PSI"). The trial court accepted the guilty plea and held a sentencing hearing on October 4, 2011.

According to the PSI, Little had been convicted twice of public intoxication in Randolph County in 2008. The PSI also showed that on June 8, 2009, Little was convicted of class B felony dealing a narcotic drug and class C felony neglect of a dependent in Delaware County under Cause Number 18C02-0803-FB-008 ("Cause No. 008"). The trial court in that case sentenced Little to three years in the Department of Correction (the "DOC"), a sentence which it stayed pending Little's successful completion of the Delaware County Forensic Diversion Program, also known as Drug Court. On September 21, 2009, however, the State filed a violation of Drug Court after Little was convicted of class D felony operating a vehicle while intoxicated, endangering a person, in Delaware County under Cause Number 18C01-0909-FD-100. Thereafter, on February 1, 2010, the trial court reinstated Little's placement in Drug Court. Following Little's arrest for the current offense, however, the State filed another violation of Drug Court and issued a warrant for Little's arrest. On September 1, 2011, the trial court sentenced Little to three years in the DOC under Cause No. 008.

During the sentencing hearing, Little requested in-home detention, arguing that incarceration would impose a hardship on her three children. The trial court sentenced

Little to twenty-four months in the DOC and ordered that eighteen months be executed, with twelve months served in the DOC and the remaining six months be served on in-home detention. The trial court further ordered that Little's sentence be served consecutive to that under Cause No. 008.

## DECISION

Little asserts that her sentence is inappropriate.[2] Specifically, she argues that the trial court's "decision to place her in the [DOC] for an additional twelve months (12) consecutive to her thirty-six (36) month sentence" under Cause No. 008 is inappropriate. Little's Br. at 9.

We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). It is the defendant's burden to "'persuade the appellate court that his or her sentence has met th[e] inappropriateness

---

[2] Little also suggests that the trial court failed to consider the hardship her incarceration would impose on her dependents as a mitigator. She, however, has waived any argument regarding whether the trial court abused its discretion by failing to find this as a mitigating circumstance. *See* Ind. Appellate Rule 46(A)(8)(a) ("Each contention must be supported by citations to the authorities . . . ."); *see also Lyles v. State*, 834 N.E.2d 1035, 1050 (Ind. Ct. App. 2005) ("A party waives an issue where the party fails to develop a cogent argument or provide adequate citation to authority and portions of the record."), *trans. denied*. Waiver notwithstanding, we note that a trial court is not required to find that a defendant's incarceration would result in an undue hardship on her dependents. *Benefield v. State*, 904 N.E.2d 239, 247 (Ind. Ct. App. 2009), *trans. denied*. "Many persons convicted of crimes have dependents and, absent special circumstances showing that the hardship to them is 'undue,' a trial court does not abuse its discretion by not finding this to be a mitigating factor." *Id.*

Here, the record shows that Little's children reside with Little's mother, that Little has not been employed since 2009, and that she receives child support and survivor's benefits on behalf of the children. Thus, the record does not support any argument that the trial court may have disregarded a significant mitigating circumstance. As Little presents no evidence of special circumstances, we cannot say that the trial court abused its discretion in failing to find that incarceration would impose an undue hardship on Little's dependents.

4

standard of review.'" *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007) (quoting *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).

In considering the appropriateness of a sentence, this court is not constricted to considering "only the appropriateness of the aggregate length of the sentence without considering also whether a portion of the sentence is ordered suspended or otherwise crafted using any of the variety of sentencing tools available to the trial judge." *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

> [I]t will be quite difficult for a defendant to prevail on a claim that the placement of his sentence is inappropriate. This is because the question under Appellate Rule 7(B) is not whether another sentence is <u>more</u> appropriate; rather, the question is whether the sentence imposed is inappropriate. A defendant challenging the placement of a sentence must convince us that the given placement is itself inappropriate.

*King v. State*, 894 N.E.2d 265, 267-68 (Ind. Ct. App. 2008) (citations omitted).

In determining whether a sentence is inappropriate, the advisory sentence "is the starting point the Legislature has selected as an appropriate sentence for the crime committed." *Childress*, 848 N.E.2d at 1081. "A person who commits a Class D felony shall be imprisoned for a fixed term of between six (6) months and three (3) years, with the advisory sentence being one and one-half (1 ½ ) years." I.C. § 35-50-2-7. Again, the trial court in this case sentenced Little to twelve months in the DOC and six months on in-home detention.

5

As to Little's offense, the record shows that she drove impaired and ran a stop sign. Although the nature of the offense may not be particularly egregious when considered in isolation, the same cannot be said when it is considered with Little's prior history, which includes a conviction for operating a vehicle while intoxicated, endangering a person; two convictions for public intoxication; and drug-related convictions, all over a period of only three years.

Furthermore, Little committed the current offense while participating in Drug Court. It is therefore clear that Little has little regard for the law and any prior leniency has had no effect on her. Little has not persuaded us that serving a portion of her executed sentence in the DOC is inappropriate.

Affirmed.

RILEY, J., and NAJAM, J., concur.